# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JACOB JAMES TOWNSEND,
ADC #141915                                                                                          PLAINTIFF

V.                                      5:16CV00247 BSM/JTR

TERRY MURPHY,
Water Treatment Supervisor;
Tucker Unit, ADC, et al.                                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may

also waive any right to appeal questions of fact.

## I. Introduction

In this *pro se* § 1983 action, Plaintiff Jacob James Townsend ("Townsend") alleges that, while he was a prisoner in the Tucker Unit of the Arkansas Department of Correction ("ADC"), Defendants Water Treatment Supervisor Terry Murphy ("Murphy"), Outside Maintenance Supervisor Richard Romine ("Romine"), and Warden David White ("White") violated his constitutional rights by forcing him to work with chlorine gas without proper training or safety equipment. *Docs. 2, 12, & 42*.

Defendants Romine and White have filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Reply arguing that Townsend failed to properly exhaust his administrative remedies as to the unconstitutional working conditions claim he has asserted against them. *Docs. 32, 33, 34, & 57*. Townsend has filed a Response, a Brief in Support, a Statement of Disputed Facts, and a Declaration. *Docs. 49, 50, 51, & 52*.

Defendant Murphy also has filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts arguing that Townsend failed to properly exhaust his administrative remedies as to the unconstitutional working conditions claim he has asserted against him. *Docs. 44, 39, & 40*. Townsend has filed

a Response, a Brief in Support, a Statement of Disputed Facts, and a sworn Declaration. *Docs. 53, 54, 55, & 56.*

Thus, the issues are properly joined and ready for disposition.[1]

## II. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific exhaustion requirements of the incarcerating facility. *Id.*

The ADC requires that, to fully and properly exhaust administrative remedies, a prisoner must file: (1) an informal resolution raising the claim with the designated problem solver; (2) a grievance raising that claim with the Warden; and (3) an appeal of the grievance to the ADC Deputy Director. *Doc. 32, Exs. 1 & 2* (ADC Adm. Dir. 14-16 § IV(E) through (G)). Importantly, the ADC's exhaustion policy requires that, in connection with each claim, an inmate must "specifically name each individual involved." *Id.*, *Ex. 1 at 4, 5, & 19* (§ IV (C)(4)). The grievance forms also remind prisoners that they must provide the "name of the personnel involved." *Id.* Finally, the ADC's exhaustion policy cautions prisoners that: "Inmates who fail to name all

parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." *Id. at 5*.

The parties *agree* that TU 16-458 is the only grievance Townsend filed about having to work with chlorine gas without proper training or safety equipment. *Docs. 33, 46, 51, & 55*. The Court will now determine whether TU 16-458 was properly exhausted as to the claim Townsend is raising against each Defendant.

**A.   Romine and White**

On March 24, 2016, Townsend filed informal resolution TU 16-458, which stated the following:

> As of today 3-24-16, I Jacob Townsend has been working as a water treatment operator at Tucker Unit. In the 2-3 months that I have worked for *Mr. Murphy*, I have never had a safety meeting or been issued any type of safety equipment. While changing chlorine tanks, most recently on 3-23-16, I am forced to inhale dangerous amounts of chlorine. By not having any type of safety equipment, it creates a substantial risk of serious harm to myself. Furthermore, it poses an unreasonable risk of serious damage to my future health by unwillingly exposing me to an unreasonably high concentration of chlorine. My unwilling exposure to an unreasonably high concentration of chlorine constitutes a serious risk to my health and safety and satisfies the objective component of the 8th Amendment.

*Doc. 32, Ex. 3 at 5* (emphasis added).

Romine and White argue that they are entitled to summary judgment because Townsend did not specifically name either of them in TU 16-458, *something he was*

*required to do by the ADC's exhaustion policy.* Townsend contends that he was unaware of that requirement because he did not have a copy of the ADC's exhaustion policy. In making this argument, Townsend *ignores* the undisputed fact that the grievance form itself, which Townsend completed, clearly and unequivocally instructed him to "be specific as to the . . . personnel involved." *Id.* Accordingly, Townsend's argument as to Romine and White is without merit.

Because Townsend did not name Romine and White in TU 16-458, he deprived ADC officials of the opportunity to investigate the claim he is now raising against them, for the first time, in this § 1983 action. *See Jones,* 549 U.S. at 219 (explaining that one of the purposes of the PLRA's exhaustion requirement is to allow prison officials to "address complaints about the program it administers before being subjected to suit"); *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when the "ADC was not asked to evaluate the conduct" of one of the two defendants "or the distinct § 1983 claims first asserted by" the prisoner in his § 1983 action). Based on Townsend's failure to properly exhaust his administrative remedies against Romine and White, the Court recommends that they be granted summary judgment and that Townsend's claims against them be dismissed, without prejudice. *See Jones,* 549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims

cannot be brought in court").

**B.    Murphy**

Murphy, who was specifically named in TU 16-458, argues that he is entitled to summary judgment because Townsend failed to properly exhaust TU 16-458 through all three steps of the ADC's exhaustion process.

As previously discussed, Townsend filed informal resolution TU 16-458 on March 24, 2016. *Doc. 32, Ex. 3, at 5.* Townsend did not receive a response to that informal resolution.[2] *Docs. 33, 46, 51, & 55.* The ADC exhaustion policy provides that, if a prisoner does not receive a response to an informal resolution (step 1) within three working days, he must proceed to step 2 by filing a grievance. *Doc. 32, Ex. 1 at 7-8* (ADC Admin. Dir. 14-16 § IV(E)(11)). Importantly, the prisoner must file that grievance no later than six working days from the submission of the informal resolution. *Id.* This means that Townsend was required to file his grievance on or before April 1, 2016.[3]  He did not do so until more than a month later, on May 7, 2016. *Doc. 32, Ex. 3, at 5.*

---

[2] On March 29, 2016, Murphy signed a written response to informal resolution TU 16-458. *Doc. 52, Ex. 5.* However, the parties *agree* that, for unknown reasons, Townsend never received Murphy's written response.

[3] March 24, 2016 was a Thursday. Townsend was supposed to receive a response to informal resolution TU 16-458 on or before Tuesday, March 29, 2016. When he did not receive a response by that date, Townsend was required, by ADC policy, to file a grievance on or before Friday, April 1, 2016.

On May 9, 2016, prison officials rejected grievance TU 16-458 as being untimely, without addressing the merits of his claim. *Id. at 4.* On appeal (step 3), Murphy explained that grievance TU 16-458 was late because prison officials did not respond to informal resolution TU 16-458. *Id. at 3.* Prison officials denied the appeal and rejected grievance TU 16-458 on the procedural ground that it was untimely filed, without a ruling on the merits of Townsend's claim against Murphy.

In an effort to defeat summary judgment, Townsend argues that prison officials prevented him from properly exhausting his administrative remedies against Murphy. *See* 42 U.S.C. § 1997e(a) (providing that prisoners must exhaust their "available" administrative remedies); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (explaining that administrative remedies are "unavailable" when prison administrators "thwart" inmates from properly using the grievance process); *Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (holding that improper exhaustion is "excused" if prison officials "prevented prisoners from utilizing" the grievance procedure).

Specifically, Townsend alleges that Sergeant Perry (a non-party) *incorrectly* told him that he must wait until he received a written response to informal resolution TU 16-458 (step 1) before filing a grievance (step 2). *Docs. 52 & 56.* Townsend also alleges that he did not have a copy of the ADC's exhaustion policy and that unspecified prison officials failed to respond to his requests to go to the prison library

so that he could read that policy. *Id.* However, Townsend has *not* provided the Court with any library request forms, grievances complaining about his lack of access to the prison library, or *any other evidence* to support these assertions.

In contrast, *it is undisputed* that, when Townsend arrived at the ADC on July 12, 2012, he signed an Acknowledgment Form in which he acknowledged having received "a thorough orientation into this institution's procedures, rules and services"; "an opportunity for input and to ask questions"; and a copy of the "Orientation Manual." *Doc. 57, Ex. 4*. Defendants state that this orientation included a review of the ADC's rules governing how a prisoner must go about filing and exhausting a grievance. Townsend has not refuted that assertion. *Id.* Furthermore, in his appeal of TU 16-458, Townsend did *not* allege, *as he does for the first time in his Response to Defendants' Motions for Summary Judgment*, that Sergeant Perry "misinformed him" about the proper exhaustion procedures and that unnamed correctional officers prevented him from going to the library so that he could read the ADC's exhaustion policy. The absence of any contemporaneous supporting documents, such as grievances or library requests, coupled with Townsend's failure to directly raise these issues in his appeal of the grievance, suggests that he created these allegations from whole cloth as a way to get around his failure to exhaust TU 16-458 on a timely basis, as required by the ADC's exhaustion policy.

The Eighth Circuit has held that a prisoner's subjective and possibly incorrect understanding of the prison's grievance process is irrelevant to the determination of whether administrative remedies were "available" to him. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Importantly, that holding applies even if prison officials gave inmates incorrect information about how to properly use the prison's grievance procedure. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (holding that administrative remedies were "available" even when prison officials incorrectly told inmates that they did not need to file written grievances); *Hahn v. Armstrong*, Case No. 10-1785, 2011 WL 135740 at *1 (8th Cir. Jan. 18, 2011) (unpublished opinion) (holding that administrative remedies were "available" to a prisoner even when "prison officials ignored his request for information about the grievance process").

Pursuant to the PLRA, the relevant inquiry is whether administrative remedies were "available" to the prisoner. Here, it is *undisputed* that the ADC's exhaustion policy allowed Townsend to file a grievance, without a written response to his informal resolution, and that he was *required* to do so within six working days from the submission of the informal resolution. Instead, he waited *over thirty days beyond that deadline* to file his grievance. Because Townsend failed to properly exhaust the administrative remedy that was available to him, he is precluded from proceeding

-10-

with his unexhausted claim against Defendant Murphy. *See Williams v. Horner*, Case No. 11-3327, 2012 WL 1292887 (8th Cir. April 17, 2012) (unpublished decision) (dismissing an ADC prisoner's unexhausted claim when he failed to file a grievance after receiving no response to his informal resolution).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Romine and White's Motion for Summary Judgment *(Doc. 32)* be GRANTED, and that Townsend's claims against them be DISMISSED, WITHOUT PREJUDICE.

2. Murphy's Motion for Summary Judgment *(Doc. 44)* be GRANTED, and that Townsend's claims against him be DISMISSED, WITHOUT PREJUDICE.

Dated this 21st day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE